## CHARLES A. WALTER *v.* L. B. CURRY.

[Abstract Kentucky Law Reporter, Vol. 7—219.]

**Sale of Land for Taxes.**

Where a creditor has purchased real estate sold at sheriff's sale to satisfy his judgment the debtor knowing all the facts can not procure the land to be sold for taxes and without any notice to the owner of the property buy the property at tax sale and thus defeat the owner's title.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 24, 1885.

OPINION BY JUDGE PRYOR:

The taking of the last appeal was an abandonment of the first and therefore no dismissal will be made. The appellee had purchased the property in controversy and the purchase was set aside or disregarded by the court below when he appealed to this court, and the judgment determining that he was without title was re-

versed with directions in substance to enter judgment in favor of the appellee for the property in controversy.

While that suit or action was pending in this court the execution debtor whose property appellee had purchased, bought in the property under a sale made by the auditor's agent for the taxes said to have been due and owing by his mother.

After the appellee's judgment had been enforced or rather the mandate of this court entered, the appellant filed his petition to quiet his title setting up his purchase under the tax sale and obtained an injunction. That appellant knew of the purchase by the appellee is evident, and that his purchase was to save the property of his mother from the effect of the execution sale is equally manifest, and in fact as the agent of, or in behalf of the mother, he was attempting to divest the appellee of her title. It was the mother's title that was sold and nothing else. She was regarded as the owner and liable for the taxes and looking to the attitude of the parties, the appellant must be regarded as a lis pendens purchaser. The appellee had his writ of possession and his deed from the sheriff and in the meantime the state sold the property for taxes due by the original owner, the appellant purchasing with full notice of the appellee's claim and as this court must presume for the benefit of the mother, or, if not, the appellee, had no notice of the tax sale or the nonpayment of the taxes, when in fact he was the owner and liable for the taxes for at least one year prior to the sale, nor does this record show the existence of facts that even authorized the sale of this property for the taxes due by Mrs. Walter, if she had been the real owner. The entire proceedings by the parties was an indirect way of depriving the appellee of his rights in the premises without giving him notice or even making a demand of him for the taxes in any way. The purchaser was cognizant of appellee's rights in the premises and although the sale was made by the state, the appellant, under the circumstances, ought not to be allowed to hold the property against the appellee.

Judgment *affirmed*.

*Kohn & Barker, for appellant.*

*Rodman & Brown, for appellee.*